**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Pamela Carson and Robert Carson,<br><br>                        Plaintiffs,<br><br>      vs.<br><br>Walmart Stores East, L.P.,<br><br>                        Defendant. | C/A No.: _____<br><br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Now come Plaintiffs Pamela Carson and Bob Carson and, by way of this Complaint, respectfully allege the following:

**PARTIES**

1.     Plaintiff Pamela Carson is the wife of Plaintiff Bob Carson. Plaintiffs Pamela and Bob Carson are citizens and residents of Georgetown County, South Carolina.

2.     Defendant Walmart Stores East, L.P. is a Delaware limited partnership doing business in the State of South Carolina. WSE Management, LLC is the only general partner of Walmart Stores East, LP, and WSE Investment, LLC is the only limited partner. The sole member of WSE Management, LLC and of WSE Investment, LLC is Wal-Mart Stores East, LLC, and the sole member of Wal-Mart Stores East, LLC is Walmart Inc. Walmart Inc. is a Delaware corporation with its principal place of business in the State of Arkansas,

3.     Defendant is the owner of the Walmart store in Myrtle Beach where Pamela Carson suffered her injuries discussed below.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is completely diversity and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in the District of South Carolina and pursuant to Local Civ. Rule 3.01 (D.S.C.) because, among others, a substantial part of the events or omissions alleged in this complaint occurred within the Florence Division.

6. No other forum would be more convenient for the parties and witnesses to litigate this action.

## FACTS

7. On or about May 18, 2021, Plaintiff Pamela Carson entered the Myrtle Beach Walmart store ("the Walmart") located at 541 Seaboard St, Myrtle Beach, SC, 29577, for the purpose of grocery shopping.

8. While within the Walmart, Mrs. Carson entered the produce section.

9. While walking through the produce section, Mrs. Carson slipped and fell and was injured.

10. Mrs. Carson's fall was caused by an unsafe and dangerous condition on Defendant's premises.

11. Specifically, there was a grape on the floor of the produce section, which made the produce section unreasonably dangerous to patrons such as Mrs. Carson.

12. The grape on the floor caused Mrs. Carson to slip and fall and injure herself.

13. Mrs. Carson was unaware of the grape's presence on the floor prior to her fall, and there were no warnings in place giving her notice of the grape.

14. On information and belief, the grape was on the floor for a sufficient period that Walmart knew or should have known of the dangerous condition and therefore should have corrected or warned of the hazard to its customers such as Mrs. Carson.

15. However, Defendant did not warn of the dangerous conditions existing in the produce section or correct them in a timely manner.

16. As a result of her fall, Mrs. Carson suffered significant and painful injuries to her body and has required extensive and ongoing medical treatment.

### FOR A FIRST CAUSE OF ACTION
**(Negligence – Premises Liability)**

17. Plaintiffs reallege and incorporate the allegations of the preceding paragraphs of this Complaint.

18. Defendant owned, operated, and controlled the Walmart.

19. Plaintiff Mrs. Carson entered the Walmart at the request of, with permission from, and/or for the benefit of Defendant.

20. Plaintiff Mrs. Carson was therefore a business visitor and invitee of Defendant Walmart at the time of her injury.

21. Defendant owed a duty to Plaintiffs to exercise reasonable care for their safety, and this duty included but was not limited to the duty of (i) inspecting for, (ii) removing, and/or (iii) warning Plaintiffs of dangers on the premises of which Defendant had knowledge or should have knowledge.

22. Defendant breached its duty of care to Plaintiffs by, among other things: failing to inspect and ensure the produce section floor was free of hazards; failing to maintain the produce section; and failing to warn of or remove dangerous conditions on the premises.

23. As a direct and proximate result of the negligence, gross negligence, carelessness, willfulness, wantonness, and recklessness by Defendant as set forth above, Plaintiff Pamela Carson;

    a. Suffered and continues to suffer from painful bodily injuries;

    b. Incurred past medical expenses and will incur future medical expenses; and

    c. Underwent and continues to experience significant pain, mental anguish, suffering, and discomfort resulting in loss of enjoyment of life from these injuries.

### FOR A SECOND CAUSE OF ACTION
**(Loss of Consortium)**

24. Plaintiffs reallege and incorporate the allegations of the preceding paragraphs of this Complaint.

25. As set forth above, Defendant is liable for the losses and damages incurred by Mrs. Carson as a result of the fall she suffered on or about May 18, 2021, at the Walmart.

26. Plaintiff Robert Carson has suffered damages as a result of his spouse's injuries, including but not limited to, the loss of his wife's society and companionship, and his provision of nursing services and other care to his wife, all of which are recoverable damages for which Defendant is liable unto Plaintiff Robert Carson.

**WHEREFORE**, Plaintiffs respectfully pray for judgment against Defendant in an amount of actual damages to be determined by a jury according to the laws of the State of South Carolina, together with the costs and disbursements of this action, and for any other relief the Court deems just and proper. To the extent that Defendant's acts and omissions, as described

above, exhibited such willful disregard and/or absence of due care and/or recklessness and/or gross negligence and/or malice as to raise a presumption of Defendant's conscious indifference to the consequences of such acts and omissions that proximately caused harmed to Plaintiffs, Plaintiffs also pray for judgment against Defendant for punitive damages in an amount to be determined by the trier of fact.

**FURTHER WHEREFORE**, Plaintiffs respectfully demand a trial by jury on all counts so triable.

Respectfully submitted,

*/s/Matthew A. Nickles*
Matthew A. Nickles (SCBN 80364; Fed. ID #11001)
ROGERS, PATRICK, WESTBROOK &
 BRICKMAN, LLC
1513 Hampton Street, 1st Floor
Columbia, SC 29201
Phone: 803.259.3525
mnickles@rpwb.com

Caleb M. Hodge (SCBN 104874; Fed. ID #13465)
ROGERS, PATRICK, WESTBROOK &
 BRICKMAN, LLC
1037 Chuck Dawley Blvd., Bldg. A
Mount Pleasant, South Carolina 29464
Phone: 843.727.6500
chodge@rpwb.com

*Attorneys for the Plaintiffs*

Dated:  October 21, 2022